J-S75039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AILEEN CENTENO, | : | |
| | : | |
| Appellant | : | No. 334 EDA 2018 |

Appeal from the PCRA Order December 19, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0311152-1998

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED FEBRUARY 1, 2019**

Aileen Centeno ("Centeno"), *pro se*, appeals from the Order dismissing her fifth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In August 1999, a jury convicted Centeno of, *inter alia*, two counts of third-degree murder.[1]  The trial court sentenced her to 25 to 50 years in prison.  This Court affirmed the judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal.  **See**

_____

[1] The evidence presented at trial established that Centeno was a conspirator in a plot to assassinate a purported rival drug dealer in North Philadelphia, which resulted in the shooting deaths of this individual and a bystander.  One of the five co-conspirators, Carlos Robles ("Robles"), is relevant to the instant appeal.

***Commonwealth v. Centeno***, 819 A.2d 113 (Pa. Super. 2003) (unpublished

memorandum), ***appeal denied***, 827 A.2d 1202 (Pa. 2003).

In the following years, Centeno filed several PCRA Petitions, all of which

were dismissed.   Centeno filed the instant PCRA Petition, her fifth, on

November 29, 2016.[2]   On September 29, 2017, the PCRA court issued a

Pa.R.Crim.P. 907 Notice, announcing its intent to dismiss Centeno's Petition

without a hearing.   Centeno subsequently filed two *pro se* Responses to the

Rule 907 Notice (collectively, "the Responses").   Therein, Centeno asserted

several claims of ineffectiveness related to her prior counsels.

By an Order entered on December 19, 2017, the PCRA court dismissed

Centeno's PCRA Petition as untimely.   Thirty-one days later, on January 19,

2018, Centeno filed a *pro se* Notice of appeal.   The PCRA court then issued a

Rule 1925(a) Opinion.   Therein, the court opined that (1) Centeno's Notice of

appeal was untimely filed;[3] and (2) even if the appeal was timely, the court

lacked jurisdiction to address the merits of Centeno's PCRA Petition, as it was

---

[2] Centeno attached to her fifth PCRA Petition an Affidavit, dated February 16, 2015 (hereinafter, the "Affidavit"), purportedly executed by Robles.  Therein, Robles essentially asserted that Centeno was not involved in orchestrating the shooting.   Centeno also attached this same Affidavit to her fourth PCRA Petition, which was dismissed.

[3] In so determining, the PCRA court noted that the postmark date on the envelope in which Centeno mailed her Notice of appeal, *i.e.*, January 19, 2018, was one day *beyond* the thirty-day appeal period required by Pennsylvania Rule of Appellate Procedure 903(a).  PCRA Court Opinion, 3/26/18, at 2.

facially untimely and failed to meet any of the three exceptions to the PCRA's one-year filing requirement. **See** PCRA Court Opinion, 3/26/18, at 2-4.

Preliminarily, we must address whether this appeal is timely. Centeno, an unrepresented prisoner, dated her *pro se* Notice of appeal January 12, 2018, and she avers in her appellate brief that she placed the Notice of appeal in the prison mailbox on January 17, 2018, two days prior to the postmark date on the envelope in which she mailed the Notice of Appeal. In support of this assertion, Centeno has attached to her brief a Pennsylvania Department of Corrections "cash slip," dated January 17, 2018, issued at the time she paid the postage for filing her Notice of appeal. **See** Brief for Appellant, Attachment 7. Given this evidence, we will deem that Centeno timely filed her Notice of appeal within the thirty-day deadline, pursuant to the "prisoner mailbox rule." ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (holding that a *pro se* prisoner's document is deemed filed on the date he or she delivers it to prison authorities for mailing).

On appeal, Centeno presents the following issues for our review:

I.   Did the lower court err in denying [Centeno's] PCRA [Petition, and] stating she did not file a notice of appeal in a timely manner?

II.  Did the lower court err in denying [Centeno's] PCRA [Petition, and] stating she did not invoke an exception in order to permit filing, despite the [PCRA's] one-year [filing] deadline?

III. Did the lower court err in denying [Centeno's] Affidavit submitted in 2015, due to [] 42 Pa.[C.S.A. §] 9545(b)(2)?

IV. Did the lower court err in denying [Centeno's] PCRA [Petition] due to counsel's ineffectiveness[,] leading to governmental interference exception [*sic*]?

V. Did the lower court err in denying all lawyers of representation being ineffective?

VI. Did the lower court err in allowing the government's testimony, although unduly prejudicial, tainting the trial?

VII. Did the lower court err in allowing the government, specifically[, Assistant District Attorneys] Carlos Vega and Robin Godfrey[,] to utilize a police state to subvert each and every constitutional right available to [Centeno]?

Brief for Appellant at 4 (some capitalization omitted). We have already disposed of Centeno's first above-listed issue, regarding the timeliness of her Notice of appeal. We will simultaneously address all of Centeno's six remaining issues, as they are related.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

All PCRA petitions, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***see also Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (citation omitted) (stating that "[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition."). Any PCRA petition that is not filed within one year of the date the judgment becomes final is time-barred, unless the

petitioner has pled and proven one of the three exceptions to the PCRA's time limitation set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves (1) governmental interference with the presentation of his claims; (2) discovery of previously unknown facts which could not have been discovered with due diligence; or (3) a newly-recognized constitutional right given retroactive application). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *see also Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010).

Here, Centeno's instant PCRA Petition, filed in November 2016, is facially untimely because her judgment of sentence became final approximately thirteen years prior. Accordingly, the PCRA Petition is time-barred unless Centeno pled and proved one of the three timeliness exceptions.

In sum, Centeno invokes the "governmental interference" exception, and asserts that the prosecutors involved in her case were corrupt and concealed important information from the defense. Brief for Appellant at 8. Moreover, citing to the Affidavit, Centeno contends that this evidence constitutes a new fact that entitles her to PCRA relief, despite the facial untimeliness of her Petition. *Id.* at 9-10. Finally, Centeno argues that the PCRA court erred in dismissing her Petition because she established that her trial counsel and all appellate counsels had rendered ineffective assistance. *Id.* at 10-12.

Importantly, Centeno did not explicitly invoke any of the three timeliness exceptions in either her PCRA Petition or the Responses. **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (stating that a claim not raised in the PCRA petition cannot be raised for the first time on appeal, and is "indisputably waived."); Pa.R.Crim.P. 902(B).

However, even if it could be said that Centeno invoked the newly-discovered facts exception by attaching the Affidavit to her Petition, she has failed to meet the requirements of this exception. First, because Centeno had attached the same Affidavit to her prior, fourth PCRA Petition, it cannot constitute a newly-discovered fact for the purpose of her fifth PCRA Petition. **See Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (stating that "[t]he timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence."); **see also** 42 Pa.C.S.A. § 9543(a)(3) (providing that, in order to be eligible for PCRA relief, a petitioner must plead and prove that his or her claim has not been previously litigated). Moreover, the Affidavit is dated February 16, 2015, which is 21 months before Centeno filed the instant PCRA Petition. **See** 42 Pa.C.S.A. § 9545(b)(2) (requiring that any PCRA petition invoking one of the timeliness exceptions must be filed within 60 days of the date the claim could have been presented).

Finally, Centeno's claims of her prior counsels' ineffectiveness raised in the Responses fail to overcome the untimeliness of her PCRA Petition. "[I]t is well established that the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA." **Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013) (citation omitted).

Accordingly, the PCRA court properly dismissed Centeno's fifth PCRA Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/19